Williams, J.,
 

 dissenting. It is conceded that, considered alone, there is prejudicial error in the charge as to the issue made on defendant’s alleged negligence but it is claimed the error is harmless under the two-issue rule, for the reason that the issue of contributory negligence was free from prejudicial error. On
 
 *23
 
 the latter issue the court incorrectly charged the jury as follows:
 

 “If the plaintiff by the greater weight of the evidence has established this first ground of claimed negligence and unlawful conduct on the part of the operator of the motor bus as a direct and proximate cause of injury to him and he in the situation was free from negligence he would be entitled to recover on that ground, otherwise not.”
 

 This statement eliminates the element of proximate cause in relation to plaintiff’s negligence and no specific correction of this erroneous statement was made.
 

 It is true that in other parts of the charge the court correctly told the jury that plaintiff’s negligence to be a bar to recovery must directly contribute to produce the injury; yet two rules on the law relating to this issue were thus given and- the' jury would not know which to follow. This double meaning in the charge makes it misleading and prejudicially erroneous on the subject of contributory negligence.
 

 As there was prejudicial error as to both issues, the judgment of the Court of Appeals should be affirmed.